UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60142-MD/AOV

UNITED STATES OF AMERICA,

     Plaintiff,

v.

HELTON RODRIGO GONCALVES,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

     **THIS CAUSE** came before the undersigned for a change of plea hearing as to Defendant Helton Rodrigo Goncalves. *See* (ECF No. 18) (Order of Referral from District Judge). Having held the change of plea hearing on October 23, 2024, the undersigned makes the following findings and recommends that the guilty plea be accepted.[1]

     1.     At the change of plea hearing, the undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from the District Judge.[2] The undersigned further advised Defendant that the District Judge would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. The Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by

---

[1] This Report and Recommendation reiterates the Court's oral findings at the change of plea hearing. The audio recording of the proceeding is incorporated by reference.

[2] At the hearing, a Portuguese court interpreter was present and translated the proceedings for Defendant.

the District Judge.  Defendant, his attorney, and the Assistant United States Attorney all consented to the undersigned conducting the change of plea hearing.

2.      The undersigned conducted a detailed plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

3.      After being advised of his rights and the possible consequences of his plea of guilty, Defendant pled guilty to the Indictment, which charges him with one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a).  The undersigned advised Defendant that the Court may impose: (i) a term of imprisonment of up to two years, followed by a maximum term of supervised release of one year; (ii) a fine of up to $250,000; and (iii) a mandatory special assessment of $100 per count, to be paid at the time of sentencing.  Defendant was also notified of the consequences of his plea with respect to his immigration status, including deportation. Defendant acknowledged that he understood the potential penalties in this case.

4.      Additionally, Defendant was informed of the Sentencing Guidelines and the fact that the District Judge may sentence Defendant to a more severe sentence than recommended by the Government or estimated under the Sentencing Guidelines, up to the maximum statutory sentence, and that Defendant could not withdraw his plea based solely on the sentence imposed by the District Judge.

5.      To establish the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial.  *See* (ECF No. 21) (Factual Proffer).  The Factual Proffer was introduced as the Government's Exhibit 1 and signed by Defendant and his counsel.  *Id.*  The Government established all the essential elements of the crime to which Defendant is pleading guilty.  Defendant agreed that the facts proffered by the Government were accurate, and defense counsel conceded that the proffer satisfied all elements of the crime charged.

6.      Defendant (and his counsel) acknowledged that there is no written plea agreement in this case but confirmed Defendant's desire to plead guilty to the offense charged and proceed to removal proceedings.

7.      The undersigned questioned Defendant regarding the effectiveness of his counsel's representation.  Defendant stated that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case, including the evidence against him, with his attorney. Defendant also stated that counsel has answered all his questions regarding the case.

8.      Based upon the foregoing facts and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

9.      Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, as more particularly described above, and that Defendant be adjudicated guilty of the offense as charged.

10.     The undersigned further recommends that a Pre-Sentence Investigation Report ("PSI") be prepared by the United States Probation Office on an **expedited basis**.  The sentencing hearing will be set by separate order from the District Judge.

The parties have **seven days** from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the District Judge.[3]  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to

---

[3] Given the parties' stated desire for an expedited PSI and Defendant's desire to proceed quickly to removal, the undersigned has shortened the usual objection period to seven days with consent of the parties.

factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1

(2024); Fed. R. Crim. P. 59(b)(2); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      **RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, on October

24, 2024.

                                   ALICIA O. VALLE
                                   UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Melissa Damian
    All Counsel of Record